UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD G. STEWART (#307065)                                              CIVIL ACTION

VERSUS

WARDEN BURL CAIN                                                          NO. 08-0641-JJB-RLB

**O R D E R**

This matter comes before the Court on the petitioner's Request for Evidentiary Hearing and to Expand the Record, rec.doc.no. 59, which he has filed in connection with his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This motion is opposed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a Court shall review a habeas corpus application and shall dismiss same if it plainly appears that the petitioner is not entitled to relief. "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response." Id. In addition, Rule 7 provides that the judge may direct the parties to expand the record by submitting additional materials such as "letters predating the filing of the petition, documents, exhibits, ... answers under oath to interrogatories propounded by the judge ... [and] [a]ffidavits." Finally, in determining whether an evidentiary hearing is warranted, Rule 8 provides that the judge "must review," inter alia, "the answer ... and any materials submitted under Rule 7."

The petitioner's Motion shall be denied at the present time. The State of Louisiana has not yet filed an Answer substantively addressing the issues before the Court. Accordingly, any determination regarding the need for an evidentiary hearing is premature. In addition, the petitioner has not submitted to the Court for review any of the materials which he seeks to

provide in expansion of the record under Rule 7. All that he asserts in the instant motion is that this evidence consists of "records of the [sic] Mr. Stewart's past mental history that was not entered into the record by petitioner's trial attorney." In the absence of the referenced documentation, the Court is unable to make a determination regarding this aspect of the plaintiff's motion.

Finally, the petitioner also requests the appointment of counsel in the instant motion. Under Rule 8(c) of the Rules Governing Section 2254 Cases, however, the appointment of counsel for a petitioner who is financially eligible for appointment of counsel under 18 U.S.C. § 3006A is mandatory in a federal habeas case only when the Court orders an evidentiary hearing. See, e.g., United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). Rule 8(c) further provides that the Court is not limited and may appoint counsel under 18 U.S.C. § 3006A at any other stage of the proceedings, such that the appointment of counsel in the absence of an evidentiary hearing is a matter that lies within the discretion of the Court. See United States v. Moore, 29 F.3d 623, *5 (5th Cir. 1994), citing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987).

In the instant case, it does not appear from the Court's review of the record, at least at the present time, that an evidentiary hearing will be necessary to address the petitioner's claims. Accordingly, it does not appear that the appointment of counsel is mandatory. Further, assuming arguendo that the petitioner is financially eligible for appointment of counsel under 18 U.S.C. § 3006A, the Court does not find that the interests of justice require the appointment of counsel in this case at the present time. The issues do not appear to be unusually complex, and the petitioner's pro se pleadings have adequately highlighted the relevant issues and pertinent facts in the record. Further, additional briefing by counsel would not significantly assist the Court in

addressing the issues raised herein. Under these circumstances, the appointment of counsel would not be an efficient use of judicial resources and therefore would not be in the interest of justice. Accord, Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985) (concluding that the appointment of counsel was not in the interest of justice where supplemental briefing by counsel would not assist the court); Schwander v. Blackburn, 750 F.2d 494, 502-03 (5th Cir. 1985) (same, where the petitioner's pro se pleadings adequately highlighted the issues and pertinent facts). Accordingly, the Court will deny the petitioner's request for the appointment of counsel at the present time.

Based on the foregoing, the petitioner's Request for Evidentiary Hearing and to Expand the Record, rec.doc.no. 59, be and it is hereby **DENIED**, without prejudice.

Signed in Baton Rouge, Louisiana, on October 17, 2013.

_____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**